United States District Court
Southern District of Texas
**ENTERED**
March 31, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRUIST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01858 |
| | § | |
| JORGABY LOGISTIX, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is a Motion for Summary Judgment (Dkt. 30) filed by Plaintiff Truist Bank ("Truist"). [1] After reviewing the pleadings, the entire record and the applicable law, the motion is **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND

This collection action arises from a series of three loan transactions between Truist and Defendants Jorgaby Logistix, Inc. ("Jorgaby Logistix"), Jorgaby Delivery Services, Inc. ("Jorgaby Delivery"), Jorgaby Freight Services, LLC ("Jorgaby Freight"), Jorgaby Investments, LLC ("Jorgaby Investments"), and Jorge L. Castillo, individually ("Castillo") (collectively "Defendants"). In the first transaction, Truist made a loan in the principal amount of $2,062,365.83 to Jorgaby Logistix and Jorgaby Freight. [2] To evidence this loan, Jorgaby Logistix and Jorgaby Freight executed a promissory note ("$2MM Note") in this

---

[1] Truist is formerly known as Branch Banking and Trust Company.
[2] The outstanding principal and interest balance on the $2MM Loan totals $1,632,199.87 as of March 12, 2021.

1

amount payable to Truist. In connection with this loan, Jorgaby Delivery, Jorgaby Logistix and Jorgaby Freight each executed a security agreement pledging personal property to Truist. This agreement provided Truist with a security interest in certain vehicles and trucking equipment owned by Jorgaby Logistix and Jorgaby Freight. In connection with this note Castillo executed a commercial guaranty with Truist for the repayment of the note ("$2MM Castillo Guaranty").

In the second transaction, Truist made a loan in the principal amount of $629,000.00 to Jorgaby Delivery and Jorgaby Freight. To evidence this loan, Jorgaby Delivery and Jorgaby Freight executed a promissory note ("$629K Note")  in this amount payable to Truist. [3] In connection with this loan, Jorgaby Delivery, Jorgaby Logistix and Jorgaby Freight each executed a security agreement pledging personal property to Truist. This agreement provided Truist with a security interest in vehicles and trucking equipment owned by Jorgaby Logistix and Jorgaby Freight. In connection with this note Castillo executed a commercial guaranty with Truist for the repayment of the note ("$629K Castillo Guaranty").

---

[3] The outstanding principal and interest balance on the $629K Loan totals $194,023.39 as of March 12, 2021.

2

In the final transaction, Truist made a loan in the principal amount of $293,250.00 to Jorgaby Investments. To evidence this loan, Jorgaby Delivery and Jorgaby Freight executed a promissory note ("$293K Note")  in this amount payable to Truist.[4] In connection with this loan, Jorgaby Delivery, Jorgaby Logistix and Jorgaby Freight each executed a security agreement pledging personal property to Truist. This agreement provided Truist with a security interest in certain vehicles and trucking equipment owned by Jorgaby Logistix and Jorgaby Freight, and real property located in Montgomery County, Texas. Castillo and Jorgaby Freight executed a commercial guaranty with Truist for the repayment of this note. ("$293K Castillo and Jorgaby Freight Guaranty").

Defendants failed to make the required monthly payments under the $2MM Note, $629K Note and the $293K Note and the notes went into default.  The notes are cross-collateralized, and each of the security agreements and the deed of trust secures all Defendants' obligations, debts, and liabilities to Truist. Despite a demand, Castillo and Jorgaby Freight failed to pay the outstanding balance due on the notes once they went into default in accordance with the terms of their respective guaranties.

Truist brought this action against Defendants for their breach of the three promissory notes and against Castillo and Jorgaby Freight for breach of their guaranties to satisfy the unpaid balance of the notes. Truist has now moved for summary judgment on its claims and for recovery of its attorneys' fees and expenses pursuant to Tex. Civ. Prac.

---

[4] The outstanding principal and interest balance on the $293K Loan totals $266,520.81 as of March 12, 2021.

3

& Rem. Code § 38 and the terms of the loan documents. The Court considers the motion below.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Initially, the moving party bears the burden "of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (internal quotation marks omitted). If the moving party fulfills this responsibility, the non-moving party must then "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481 (5th Cir. 2014) (internal quotation marks omitted). Conclusory statements, speculation, and unsubstantiated assertions will not suffice to meet the non-movant's summary judgment burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). However, all evidence will be reviewed in the light most favorable to the non-

4

moving party and all reasonable inferences will be drawn in the non-moving party's favor. *Adickes v. S.H. Kress*, 398 U.S. 144, 157 (1970).

## ANALYSIS

### Breach of Promissory Notes

Under Texas law to recover for breach of a promissory note a plaintiff does not need to prove all the essential elements for a breach of contract. *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Tr. I*, 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010). Instead, plaintiff must only establish: (1) the existence of a promissory note; (2) the defendant signed the note; (3) the plaintiff legally owned and held the note at issue; (4) the defendant defaulted on its obligation to pay; and (5) a certain balance remains due and payable on the promissory note. *See Express Working Cap., LLC v. One World Cuisine Grp., LLC*, No. 3:15-cv-3792-S-BH, 2019 WL 1959924, at *4 (N.D. Tex. Apr. 10, 2019) (citations omitted), *report and recommendation adopted*, No. 3:15-cv-3792-S-BH, 2019 WL 1958332 (N.D. Tex. May 2, 2019). Truist has established these facts entitling it to recovery in this action.

The summary judgment evidence establishes the existence of the $2MM Note, $629K Note and the $293K Note signed by the defendants and owned by Truist. Truist has established and Defendants do not dispute that they defaulted on their obligations to pay under the notes. The summary judgment evidence reflects that as of March 12, 2021, after offsets, payments and credits were made, Defendants owe Truist a total amount of $2,092,744.07.

5

**Breach of Guaranty Agreements**

Under Texas law, a guaranty "creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform." *Republic Nat'l Bank of Dallas v. Northwest Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 114 (Tex. 1978). To recover on a claim for breach of guaranty, a creditor must establish that (1) a note and guaranty exist, (2) the guarantor signed the guaranty, (3) the creditor legally owns or holds the guaranty, and (4) a certain balance remains due and owing on the note. *See Bank One, NA v. Shreeji A & M Inc.*, No. 3:02-cv-1555-R, 2004 WL 948246, at *2 (N.D. Tex. May 3, 2004) (citing *Vaughn v. DAP Fin. Servs., Inc.*, 982 S.W.2d 1, 4 (Tex. App.— Houston [1st Dist.] 1994)).

The summary judgment evidence establishes the existence of the guaranty agreements signed by Castillo and Jorgaby Freight securing the $2MM Note, $629K Note and the $293K Note. The summary judgment evidence also reflects Truist owns the guarantees and that after a demand was made, Castillo and Jorgaby Freight failed to pay the amounts remaining due and owing under the notes.

**The Summary Judgment Evidence Does Not Establish Any Affirmative Defenses to Truist's Recovery**

Defendants have the burden of proof with respect to affirmative defenses to payments due and owing under promissory notes and guaranties. *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) Here, Defendants assert two affirmative defenses to Truist's recovery on its claims for breach of the notes and guaranties.

6

First, Defendants argue that Truist is not entitled to recover under either the notes or the guaranties because it violated its "duty of good faith and fair dealing" with Defendants by declining to refinance the loans without any reason. Defendants argue that they had a "special relationship" and/or fiduciary relationship with Defendants that created this duty that Truist breached. Assuming that Defendants properly raised this affirmative defense in its pleadings, the Court disagrees.

The summary judgment record does not establish the existence of duty of good faith and fair dealing between Truist and Defendants. Nor does the summary judgment evidence establish the existence of any "special relationship" and/or fiduciary relationship with Defendants that could have created this duty. Under Texas law a duty of good faith and fair dealing "is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." *FDIC v. Coleman*, 795 S.W.2d 706, 708-10 (Tex. 1990). There is typically no duty found in a lender-borrower relationship. *Id.*; *see also English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). The duty of good faith and fair dealing is imposed only to "protect parties who have a special relationship based on trust or unequal bargaining power." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994). The special relationship may exist due to "the element of trust necessary to accomplish the goals of the contract, or because of an imbalance of bargaining power." *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex.App.—Houston [1st Dist.] 1996, no writ). Absent "compelling" facts to suggest a special relationship exists, no duty

7

of good faith and fair dealing is owed by the lender to the lendee. *See Roberts v. Dayton Hudson Corp.*, 914 F.Supp. 1421, 1424 (N.D. Tex. 1996).

There is no evidence establishing that a special relationship exists between Truist and Defendants. The summary judgment record does not contain evidence of "extraneous facts and conduct, such as excessive lender control over, or influence in, the borrower's business activities" or such a level of trust or unequal bargaining power that might give rise to a special relationship or the existence of a duty of good faith and fair dealing. *Farah*, 927 S.W.2d at 675; *see also Perea v. Wells Fargo Bank*, N.A., 2014 WL 12663101, at *11 (W.D. Tex. Apr. 15, 2014). *See Texas Bank and Trust Company v. Zucker*, 2019 WL 1922044, at *6 (E.D. Tex. Apr. 8, 2019). Furthermore, in the loan documents Truist and Defendants make it clear that there is no intention to create a special relationship or place special duties on the parties, beyond the standard duties incumbent in a lender/borrower relationship. *See Texas Bank and Trust Company v. Zucker*, 2019 WL 1922044, at *6 (E.D. Tex. Apr. 8, 2019). For example, in the Loan Agreement, there is a section titled "Non-Liability of Lender" which states that:

> The relationship between Borrower and Lender created by this Agreement is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Borrower. Borrower is exercising Borrowers own judgment with respect to Borrowers business. All information supplied to Lender is for Lenders protection only and no other party is entitled to rely on such information. There is no duty for Lender to review, inspect, supervise or inform Borrower of any matter with respect to Borrowers business. Lender and Borrower intend that Lender may reasonably rely on all information supplied by Borrower to Lender, together with all representations and warranties given by Borrower to Lender, without investigation or

8

confirmation by Lender and that any investigation or failure to investigate will not diminish Lender's right to so rely.

"[T]he relationship between Borrower and Lender created by this Agreement is strictly a debtor and creditor relationship and not fiduciary in nature, nor is the relationship to be construed as creating any partnership or joint venture between Lender and Borrower. There is no duty for Lender to review, inspect, supervise or inform Borrower of any matter with respect to Borrower's business." (*See* Dkt. 30-1 at 18, 69, and 120).

"[M]ere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship." *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). Conclusory allegations that Truist extended multiple loans in the past to Defendants, and Truist had knowledge of Defendants' business, based on multiple visits to Defendants' work site do not establish a special relationship or the affirmative defense of breach of duty of good faith and fair dealing Accordingly, this affirmative defense does not bar Truist recovery in this action.

Next, Defendants argue that Truist is not entitled to recover under either the notes or the guaranties because Truist failed to mitigate its damages. Assuming that Defendants properly raised this affirmative defense in its pleadings, the Court disagrees. There is no summary judgment evidence to establish Defendants were not given "credit for several payments made," and Truist was "negligent" in limiting their liability through the sale of Defendants' equipment "which were sitting and depreciating for months at the Defendants' place of business." (Dkt. 20 at 2). Conclusory allegations that Defendants "pleaded with [Truist] to sell the trucks and trailers to Defendants' vendor, who could have offered a

9

significantly higher price" as opposed to selling the collateral at a public auction, do not establish the affirmative defense of mitigation of damages. (Dkt. 38 at 5). Accordingly, Truist is entitled to prevail on its claims for breach of the notes and guaranties.

### Attorney's Fees and Expenses

Truist seeks the award of its attorney's fees against Defendants in the amount of $42,866.75 and expenses in the amount of $1,607.22. (Dkt. 30 at 20). Truist asserts that it is entitled to this amount in fees and costs pursuant to Tex. Civ. Prac. & Rem. Code § 38 and the Notes and Guaranty Agreements Defendants entered in to with Bank that says the following:

> **Attorneys' Fees; Expenses.** Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lenders legal expenses, incurred in connection with the enforcement of this Agreement. Lender may hire or pay someone else to help enforce this Agreement, and Grantor shall pay the costs and expenses of such enforcement. (*See* Dkt. 30-1 at 37).

The Court agrees that under the provision of the contractual agreement, Truist is entitled to attorney's fees. And under Texas law, contractual provisions for attorney's fees are enforceable. *See Dall. Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Therefore, absent a finding of unreasonableness, the Court will uphold a contractual right to attorney's fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (for factors to evaluate in determining whether a request for attorney's fees is reasonable). Although the Court finds that the guaranty agreement allows Truist the right to recover attorney's fees, the evidence provided is not enough to determine if the requested amount of $42,866.75 for fees and $1,607.22 for expenses is an appropriate

10

amount. Accordingly, Truist's request for attorney's fees and costs is denied without prejudice to be refiled as a Motion for Attorney's Fees and Costs within **14 days** of this order. A response is due within **21 days** of the filing of the Motion for Attorney's Fees, and a reply is due within **seven days** after Defendants' filing of Response.

### CONCLUSION

For the foregoing reasons the Court **GRANTS IN PART AND DENIES IN PART** Truist's Motion for Summary Judgment. (Dkt. 30).

SIGNED this 31st day of March 2022.

GEORGE C. HANKS JR.
UNITED STATES DISTRICT JUDGE